FRANCAVILLA ET AL., DEMANDANTES Y APELANTES, *v.* ORLANDO, DEMANDADO Y APELADO.

No. 3343.—*Visto:* Diciembre 16, 1924. *Resuelto:* Enero 30, 1925.

REIVINDICACIÓN—PRUEBA DEL TÍTULO A FAVOR DEL DEMANDADO.—La partición de bienes de la madre del demandado en la cual se adjudica a éste la finca

objeto de la reivindicación no prueba el título a favor del demandado, cuando. no hay evidencia de que el causante de los demandantes transmitiera la propiedad de la finca a la madre del demandado.

ID.—FRUTOS—MALA FE—CONOCIMIENTO POR EL HEREDERO DE LOS VICIOS DE SU TÍTULO.—Cuando la posesión se adquiere infringiendo la ley, como sucede cuando una persona hace suyos bienes en que interesan menores sin autorización judicial, la mala fe del poseedor se presume a no ser que posea a título hereditario, en cuyo caso la mala fe en relación con la devolución de frutos es más bien. de hecho y es preciso probar, como se probó en el presente caso, que el heredero tenía conocimiento de los vicios que invalidan su título.

SENTENCIA de *R. Díaz Cintrón, J.* (Ponce), en una acción reivindi- catoria, declarando con lugar la demanda, sin costas. *Revocada.*

*Martínez Nadal, Tormes & Colón,* abogados de los apelantes; *L. Torres Grau,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Esta es una demanda para reivindicar cierta finca urbana y la devolución de frutos.

La corte inferior dictó sentencia declarando con lugar la demanda en cuanto a la reivindicación de la finca, pero negó la devolución de las rentas percibidas por el demandado durante el tiempo de su posesión, así como tampoco le impuso las costas. La apelación de los demandantes se refiere a estos dos últimos extremos y constituyen la materia de error que discuten en su alegato.

Los apelantes tienen plena razón. La prueba que sirvió de base a la corte inferior para declarar la reivindicación, debió llevar consigo el pronunciamiento de los frutos y la imposición de costas.

De la evidencia se desprende que la casa objeto del pleito fué fabricada por Rafael Volpe, causante de los demandantes, en un solar que le concedió el municipio de Yauco. El era un albañil que se mantenía de su oficio y después de realizar su obra y terminarla, le sorprendió la muerte al poco tiempo de vivir en la casa en unión de su esposa y de sus menores hijos, los demandantes. Asimismo aparece que después del fallecimiento de Rafael Volpe quedaron pendientes como consecuencia de la construcción del inmueble, cier-

tas deudas montantes a la suma de $100 y que fueron satisfechas por el demandado. Del mismo modo resulta que la demandante a la muerte del marido intentó trasladarse a su país natal, Italia, y para ello recibió de su tía y madre del demandado Ana María Francavilla, la suma de $125. Este viaje no tuvo lugar por dificultades de la gran guerra pero la demandante declara que fué la intención de su tía y el demandado facilitar su viaje con el propósito de apoderarse de la casa objeto del pleito. La prueba también tendió a establecer que desde el año de 1916 el demandado tenía la posesión de la finca, cobraba los alquileres en su beneficio, cuyo montante oscilaba de $5 a $8 mensuales y pagaba las contribuciones.

Hubo prueba por parte del demandado en sentido de que si la casa empezó a ser fabricada por el causante de los demandantes, más tarde se hizo cargo de continuar la construcción la madre del demandado por haberse agotado los recursos de dicho causante. Sin embargo, esta prueba no tiene una explicación razonable si se tiene en cuenta las deudas que quedaron pendientes, originadas en la fabricación de la casa, y que habían sido contraídas directamente por el causante y que luego fueron pagadas por el propio demandado, no sin cobrar intereses a la propia demandante. No se estableció por ninguno de los medios de evidencia que Rafael Volpe trasmitiera a Ana María Francavilla el título o propiedad de la casa. No importa que el demandado haya presentado la partición de bienes de su madre Ana María Francavilla en donde se adjudica la finca al mismo demandado. En ausencia de toda prueba que demuestre la adquisición de la casa por la madre del demandado, la partición no tiene más peso que el que podía tener la declaración del demandado y de uno de sus testigos, a quienes no creyó la corte inferior y quienes manifestaron que Ana María Francavilla se hizo cargo de continuar la construcción de la casa por la falta de recursos de Rafael Volpe para terminarla.

Es de advertir que el demandado-apelado no se queja de

las conclusiones a que llegó la corte para decretar la reivindicación y solamente sostiene en su alegato que su posesión era de buena fe no estando obligado a devolver las rentas dejadas de percibir por los demandantes, ni tampoco a satisfacer las costas.

Era pues necesario revisar la prueba para resolver la controversia en cuanto a los frutos toda vez que la misma era una cuestión que parecía inherente a los méritos de la acción principal.

Si la prueba ha demostrado que la finca urbana perteneció al Rafael Volpe y no aparece que éste trasmitiera su derecho de propiedad a Ana María Francavilla, madre del demandado, se hace claro inferir que dicho demandado carecía de todo título en relación con dicha finca. Tampoco el demandado, como cuestión de ley, podía quedar protegido bajo la presunción de la buena fe por la sola circunstancia de que él pagara ciertas deudas que Rafael Volpe dejara de satisfacer después de su muerte y que fueron originadas con motivo de la construcción de la casa. El demandado ni su causante podían adjudicarse la propiedad, existiendo menores, sin llenar las formalidades que prescribe la ley No. 33 de 9 de marzo de 1911, p. 106 (Comp. sección 3299) enmendando los artículos 229, 282 y 284 del Código Civil. Es una prohibición de la ley. No es pues necesario una prueba directa para probar la mala fe del poseedor por ser uno de los casos en que la mala fe es congénita de la misma situación posesoria anormal que se origina por la falta del cumplimiento de la ley y en ello va más bien implícita la presunción de la mala fe del poseedor, como cuestión legal. Scaevola, siguiendo a Laurent, dice que el artículo 434 del Código Civil Español, equivalente al 437 de nuestro Código Civil Revisado, se refiere al hecho de la buena fe, al caso que esta cualidad dependa de la apreciación del juez, no al en que resulte ostensible por virtud de una infracción de la ley. Y el artículo aludido del Código Civil Revisado, dice:

"Art. 437.—La buena fe se presume siempre, y al que afirma la mala fe de un poseedor corresponde la prueba."

Manresa, tomo 4, página 106, abunda en la misma doctrina comentando el 434 del Código Civil Español y dice que si un demandante además de reclamar su derecho, pide que se declare la mala fe, debe probarla, pero al mismo tiempo sostiene que si la nulidad envuelve una ignorancia inexcusable de las leyes, se establece una presunción contraria al artículo 434.

Y la sentencia de la Corte Suprema de España de 14 de mayo de 1867, 15 J. C. 480 declara: "El principio de derecho de que la mala fe no se supone, no se quebranta cuando la ley la da por existente, haciendo o dejando de hacer lo que ella previene."

Por último el caso de *Longpré* v. *Díaz*, 237 U. S. 512, es la expresión más alta de la doctrina que dejamos expuesta sosteniendo en ese punto el comentario de Scaevola y la jurisprudencia española. Es de notar sin embargo, que en él se distingue el carácter de la posesión que disfruta el primitivo dueño (*author*) de la que, por su muerte, continúa en sus herederos o causahabientes. Bajo este aspecto se hace aplicación del art. 444 del Código Civil Revisado, que tiene su equivalente en el 442 del Código Civil Español, pudiendo deducirse entonces que cualquiera que fuera el vicio que invalide el título de una adquisición o la omisión inexcusable de la ley que lo anule, si el poseedor sucede a título hereditario, la cuestión de mala fe en relación a la devolución de frutos es más bien de hecho y hay que probarla, demostrándose para ello por el que reclama, que el heredero tenía conocimiento de los vicios que invalidaban su título.

En el caso que nos ocupa es verdad que el demandado alega el carácter de heredero, pero el conjunto de la prueba deja establecido claramente el conocimiento del demandado, no de los vicios o defectos de título, sino más bien de la falta absoluta del mismo por no haber trasmitido Rafael

Volpe a Ana María Francavilla, causante del demandado, su derecho dominical por ninguno de los modos de adquisición.

Examinando los méritos de la prueba en cuanto a los frutos reclamados se puede deducir de la misma que el promedio de las rentas que ha producido la casa es de $6 mensuales y el tiempo que los ha percibido el demandado el de 7 años. El total de los frutos asciende por tanto a la suma de $504. De esto hay que descontar, como lo hace el demandante, no demostrando el demandado lo contrario, que las contribuciones y gastos de reparación podían calcularse en $16 al año. Después de dicha deducción en cada año, queda un producto líquido de $392 que es lo que debe satisfacer el demandado a los demandantes-apelantes por razón de los frutos reclamados en la demanda. Asimismo la naturaleza del caso implica la temeridad manifiesta del demandado y debe pagar las costas.

Quizás no sea innecesario decir que las cantidades o deudas que podía deber el causante de los demandantes al demandado, o las contraídas por su viuda, es un *issue* extraño a este pleito y en este caso no es objeto de consideración.

Por lo expuesto *la sentencia de la corte inferior debe revocarse* en cuanto niega la devolución de frutos y dictarse otra condenando al demandado a que satisfaga a los demandantes la suma de $392 resultante del producto líquido de los frutos percibidos por dicho demandado y las costas.